IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No: 3:05-651 |
| | ) | |
| v. | ) | |
| | ) | |
| SHAWNTE ANDERSON | ) | **PLEA AGREEMENT** |

AGREEMENT made this 28th day of Nov, 2005, between and among the United States of America, as represented by United States Attorney, JONATHAN S. GASSER, Assistant United States Attorney Leesa Washington; the Defendant, **SHAWNTE ANDERSON**, and Defendant's Attorney, John A. O'Leary, Esquire.

IN CONSIDERATION of the mutual promises made herein, the parties hereto agree as follows:

1. The Defendant, **SHAWNTE ANDERSON**, agrees to plead guilty to Count 13 of the Superseding Indictment now pending, FED. R. CRIM. P. 11(a), to wit: Possession with Intent to Distribute and Distribution of Cocaine Base, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C) and Title 18, United States Code, Section 2. In order to sustain its burden of proof as to this offense, the Government is required to prove the following:

Count 13:

FIRST: The defendant knowingly and intentionally possessed the controlled substances described in the Superseding Indictment;

SECOND: At the time of such possession, the defendant knew that the substance possessed was a controlled substance and the defendant possessed the controlled substance with the intent to distribute;

THIRD: That the substance was a measureable quantity of cocaine base;

FOURTH: The defendant aided and abetted another in the commission of the offense.

2. The Defendant, **SHAWNTE ANDERSON**, agrees to consent to the commencement of a presentence investigation immediately, FED. R. CRIM. P. 32(c).

3. The Defendant, **SHAWNTE ANDERSON**, understands that in addition to any fines that the Court may impose, the Court will assess $100.00 for each felony count to which he pleads guilty and will assess $25.00 for each misdemeanor count to which he pleads guilty. The Defendant agrees to pay the special assessment by certified check or money order and to deliver the special assessment, on the day the Defendant executes this Plea Agreement, to the Clerk, U.S. District Court, in compliance with the Statement of Special Assessment Amount attached hereto. The Defendant further agrees that any monetary penalty that the Court imposes, including the special assessment, fine, costs or restitution, is due immediately unless otherwise stated by the

2

Court. The Defendant further agrees to submit a fully completed Financial Statement of Debtor form as requested by the United States Attorney's Office. The Defendant further agrees that failure to pay the special assessment at the time of the entry of the guilty plea may result in the obligations of the Attorneys for the Government within this agreement becoming null and void. The Defendant understands that any monetary penalty imposed is not dischargeable in bankruptcy. The Defendant further understands that if he fails to pay the special assessment, this unpaid debt will be turned over to the collections division within the U.S. Attorney's Office for collection, 18 U.S.C. § 3013.

4. The Defendant, **SHAWNTE ANDERSON**, agrees to enter into the Bureau of Prisons Inmate Financial Responsibility Program if sentenced to a term of incarceration. The Defendant agrees that any monetary penalty the court imposes, including the special assessment, fines, costs, or restitution, will be paid through participation in this program.

5. The Attorneys for the Government agree to dismiss all remaining counts now pending against the Defendant, **SHAWNTE ANDERSON**, with the understanding that no limitation shall be placed upon the Court's consideration of any information concerning the background, character, and conduct of the Defendant for the purpose of imposing an appropriate sentence, and such dismissed counts may be considered as relevant conduct pursuant to Section

3

1B1.3 of the United States Sentencing Commission Guidelines, pursuant to FED. R. CRIM P. 11(c)(1)(A).

6. The Defendant, **SHAWNTE ANDERSON**, understands that the United States Sentencing Guidelines are advisory, and will be reviewed by the Court in determining a reasonable sentence. The Defendant further understands that in addition to the United States Sentencing Guidelines, the Court will consider the factors set forth in Title 18, United States Code, Section 3553(a) in determining a reasonable sentence.

7. The Attorneys for the Government and the Defendant, stipulate and agree that the quantity involved is less than .25 grams of cocaine base for purposes of calculating the Defendant's sentence pursuant to U.S.S.G. § 2D1.1. The Defendant understands that this stipulation is not binding upon the Court or the United States Probation Office, and the Defendant has no right to withdraw his plea should this stipulation not be accepted. Further, the Defendant understands and acknowledges that the stipulation is binding on the Government only in the event the Defendant complies with all the terms of this plea agreement.

8. The Defendant, **SHAWNTE ANDERSON**, understands that the obligations of the Attorneys for the Government within the Plea Agreement are expressly contingent upon the Defendant's abiding by federal and state laws and complying with the terms and conditions of any bond executed in this case.

9. The Defendant, **SHAWNTE ANDERSON**, agrees to be fully truthful and forthright with the United States Attorney's Office for the District of South Carolina and federal law enforcement agents in their investigation of the importation and distribution of controlled substances, money laundering, firearms offenses, income tax evasion and other unlawful activities, to include, but not limited to, truthful and complete debriefings of the Defendant's knowledge concerning the importation and distribution of controlled substances, money laundering, firearms offenses, income tax evasion and other unlawful activities. Also, the Defendant understands that he must fully disclose and provide truthful information to the Attorneys for the Government including any books, papers, or documents or any other items of evidentiary value to the investigation. The Defendant must also testify fully and truthfully before any grand juries and at any trials or other proceedings if called upon to do so by the Attorneys for the Government, subject to prosecution for perjury for not testifying truthfully. The failure of the Defendant to be fully truthful and forthright at any stage will, at the sole election of the Attorneys for the Government, cause the obligations of the Attorneys for the Government within this Agreement to become null and void. Further, it is expressly agreed that if the obligations of the Attorneys for the Government within this Agreement become null and void due to the lack of truthfulness on the part of the Defendant, the Defendant understands that: (1) the Defendant will not be

permitted to withdraw his plea of guilty to the offenses described above; (2) any and all additional charges known to the Attorneys for the Government may be filed in the appropriate district; (3) the Attorneys for the Government may argue for a maximum sentence for the offense to which the Defendant has pleaded guilty; and (4) the Attorneys for the Government may use any and all information and testimony provided by the Defendant in the prosecution of the Defendant of all charges.

10. The Defendant, **SHAWNTE ANDERSON**, agrees to submit to such polygraph examinations as may be requested by the Attorneys for the Government and agrees that any such examinations shall be performed by a polygraph examiner selected by the Attorneys for the Government. Defendant, **SHAWNTE ANDERSON**, further agrees that his failure to pass any such polygraph examination to the Government's satisfaction will result, at Government's sole discretion, in the obligations of the Attorneys for the Government within the Agreement becoming null and void.

11. The Attorneys for the Government agree that any self-incriminating information provided by the Defendant, **SHAWNTE ANDERSON**, as a result of the cooperation required by the terms of this Agreement, although available to the Court, will not be used against the Defendant, **SHAWNTE ANDERSON**, in determining the Defendant's applicable guideline range for sentencing pursuant

to the U.S. Sentencing Commission Guidelines. The provisions of this paragraph shall not be applied to restrict any such information:

(A) known to the Attorneys for the Government prior to the date of this Agreement;

(B) concerning the existence of prior convictions and sentences in determining § 4B1.1 (career offender);

(C) in a prosecution for perjury or giving a false statement; or

(D) in the event there is a breach of the cooperation provisions of this Plea Agreement. § 1B1.8 United States Sentencing Commission Guidelines.

12. The Defendant is aware that 18 U.S.C. § 3742 and 28 U.S.C. § 2255 afford every defendant certain rights to contest a conviction and/or sentence. Acknowledging those rights, the Defendant in exchange for the concessions made by the United States in this Plea Agreement, waives the right to contest either the conviction or the sentence in any direct appeal or other post-conviction action, including any proceedings under 28 U.S.C. § 2255. This waiver does not apply to claims of ineffective assistance of counsel or prosecutorial misconduct.

This Agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b). Nor does it limit the United States in its comments in or responses to any post-sentencing matters.

7

13. The Defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. §552a.

14. The Defendant, **SHAWNTE ANDERSON**, understands that the matter of sentencing is within the sole discretion of the Court, and that the sentence applicable to Defendant's case will be imposed after the Court considers as advisory the United States Sentencing Commission Guidelines, Application Notes and Policy Statements, as well as the factors set forth in Title 18, United States Code, Section 3553(a). The Defendant **SHAWNTE ANERSON** agrees that all facts that determine his offense level under the Guidelines and pursuant to any mandatory minimum (including facts that support any specific offense characteristic or other enhancement or adjustment) can be found by the court at sentencing by a preponderance of the evidence standard and the court may consider any reliable evidence, including hearsay. By executing this Agreement, the Defendant, **SHAWNTE ANDERSON**, understands that he waives any argument that facts that determine his offense level under the Guidelines and pursuant to any mandatory minimum should be alleged in an indictment and found by a jury beyond a reasonable doubt.

The Defendant also understands that Defendant's sentence has not yet been determined by the Court, and that any estimate of a probable sentencing range Defendant may have received from Defendant's attorney, the Attorneys for the Government, or the United States Probation Office is only a prediction, not a promise, and is not binding on the Attorneys for the Government, the Probation Office or the Court. The Defendant further understands that the Attorneys for the Government retain the right to inform the Court of any relevant facts, to address the Court with respect to the nature of the offense, to respond to questions raised by the Court, to correct any inaccuracies or inadequacies in the presentence report, to respond to any statements made to the Court by or on behalf of the Defendant, and to summarize all evidence which would have been presented at trial to establish a factual basis for the plea, FED. R. CRIM. P. 11(f).

15. The parties hereby agree that this Plea Agreement contains the entire agreement of the parties; that this Agreement supersedes all prior promises, representations and statements of the parties; that this Agreement shall not be binding on any party until the Defendant tenders a plea of guilty to the court having jurisdiction over this matter; that this Agreement may be modified only in writing signed by all parties; and that any and all other promises, representations and statements, whether made prior to, contemporaneous with or after this Agreement, are null and void.

11-29-05
DATE

_____
SHAWNTE ANDERSON, Defendant

11-29-05
DATE

_____
JOHN A. O'LEARY, Esquire
Attorney for the Defendant

JONATHAN S. GASSER
UNITED STATES ATTORNEY

11-30-05
DATE

BY: _____
LEESA WASHINGTON
Assistant U.S. Attorney

# U. S. DEPARTMENT OF JUSTICE
## Statement of Special Assessment Amount

This statement reflects your special assessment only. There may be other penalties imposed at sentencing. <u>This Special Assessment is due and payable at the time of the execution of the plea agreement</u>.

| ACCOUNT INFORMATION | |
| --- | --- |
| CRIM. ACTION NO.: | 3:05-651 |
| DEFENDANT'S NAME: | SHAWNTE ANDERSON |
| PAY THIS AMOUNT: | $100.00 per count |
| PAYMENT DUE ON OR BEFORE: | (date plea agreement signed) |

MAKE CHECK OR MONEY ORDER PAYABLE TO:
*CLERK, U.S. DISTRICT COURT*

PAYMENT SHOULD BE SENT TO:
*Larry W. Propes,* CLERK —U.S. DISTRICT COURT
Strom Thurmond Courthouse
1845 Assembly Street
Columbia, South Carolina 29201-2431

OR HAND DELIVERED TO:
CLERK —U.S. DISTRICT COURT
Strom Thurmond Courthouse
1845 Assembly Street
Columbia, South Carolina 29201-2431 (Mon - Fri 9-5)

*INCLUDE DEFENDANT'S NAME ON CHECK OR MONEY ORDER (<u>Do Not send cash</u>)*
*ENCLOSE THIS COUPON TO INSURE PROPER and PROMPT APPLICATION OF PAYMENT*

11